**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>JAMEL K. SEMPER<br>UNITED STATES DISTRICT JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND COURTHOUSE<br>NEWARK, NJ 07101<br>973-645-3493 |

January 22, 2024

<u>VIA ECF</u>

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   <u>Wiley v. Support Magistrate of East Orange, NJ et al</u>
      <u>Civil Action No. 23-04888</u>

Litigants:

This matter comes before the Court upon *pro se* Plaintiff Amir Wiley's ("Plaintiff") filing of a Complaint and an application to proceed *in forma pauperis* ("IFP Application"). (ECF 1, 3.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint with a renewed application to proceed *in forma pauperis*.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court received Plaintiff's Complaint on August 16, 2023. (ECF 1.) The two-page Complaint lists Defendants "Support Magistrate of East Orange, NJ" and "Heather Taylor (hearing officer)." (*Id*. at 1.) Plaintiff alleges violations of 18 U.S.C. § 242 and deprivations of constitutional rights under the "Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution." (*Id*. at 2.)

Plaintiff also filed an IFP Application. (ECF 3.) Plaintiff lists $1,000 average monthly income from employment but lists no expected income for the following month. (*Id*. at 1.) Despite the $1,000 average monthly income entry, the total monthly income section totals to zero. (*Id*. at 2.) The cash section of the form indicates that Plaintiff had approximately $143 in a checking account. (*Id.* at 3.) Plaintiff did not fill out Sections 5 or 6. (*Id*.) Under dependents, Plaintiff listed a 15-year-old son. (*Id*.) The expenses section lists some entries for rent, food, laundry, transportation, recreation, and life insurance but omits utilities, home maintenance, clothing, medical and dental expenses, other insurance, taxes, installment payments, and alimony. (*Id*. at 4.) The total monthly expenses equals $988. A handwritten "988" appears next to a typed "0.00" figure in the total monthly expenses column. (*Id*. at 5.) Plaintiff notes that he is currently working part time and that he expects "to win lawsuit or reach a sett[lement]." (*Id*. at 5.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *Deutsch*, 67 F.3d at 1084 (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), § 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, 2023 WL 5207833, at *1-2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.  DISCUSSION

### A.  *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a)(1) and *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Here, Plaintiff failed to fill out the IFP application thoroughly. Several boxes on the five-page form are missing values and entire columns total to zero despite earlier entries. By failing to fill out the IFP application in its entirety, Plaintiff fails to provide a detailed statement in support of his reported income and expenses. Therefore, Plaintiff's IFP application is denied without prejudice.

### B.  Complaint Screening

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that a complaint's allegations are "simple, concise, and direct." FRCP 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*,

2

704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

Plaintiff's Complaint does not comport with Rule 8(a). The Complaint fails to answer the basic questions necessary for the Court and Defendants to understand the nature of Plaintiff's claims. Plaintiff's Complaint does not name the "Support Magistrate" and makes no allegations pertaining to Heather Taylor. Further, the facts alleged in Plaintiff's Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated his rights. *Ashcroft*, 556 U.S. at 679; *see* FRCP 8(a)(2). Plaintiff's legal conclusions that "Support Magistrate acted under color of law and deprived/conspired to deprive Plaintiff, Amir Wiley, of their constitutional rights under the Fourth, Fifth, Six, and/or Fourteenth Amendments to the United States Constitution," "Support Magistrate[] unlawfully ordered warrants for failure to appear against plaintiff," "Support Magistrate[] unlawfully ordered that Plaintiff['s] paycheck be [g]arnished," "Support Magistrate's actions were willful, malicious, and intentional," are not accepted as true, and Plaintiff has not presented facts to support those claims. (ECF 1 at 1); *see Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted and must be dismissed.[1]

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED** without prejudice and his IFP Application is **DENIED** without prejudice. Within thirty (30) days, Plaintiff may file an amended complaint that fixes the errors identified in this Opinion and submit a new application to proceed *in forma pauperis*. An appropriate order follows.

                                                          */s/ Jamel K. Semper*_____
                                                          **HON. JAMEL K. SEMPER**
                                                          **United States District Judge**

Orig:         Clerk
cc:           Andre M. Espinosa, U.S.M.J.
               Parties

---

[1] Plaintiff is cautioned that to the extent his Complaint aims to state a claim against a judicial officer, his suit will be barred under the doctrine of judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 225 (1988) ("[J]udicial immunity also protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Azubuko*, 443 F.3d at 303 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).