UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMEL K. SEMPER**<br>**UNITED STATES DISTRICT JUDGE** | **FRANK R. LAUTENBERG**<br>**POST OFFICE AND COURTHOUSE**<br>**NEWARK, NJ 07101** |

August 13, 2024

<u>VIA ECF</u>

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    <u>**Wiley v. Support Magistrate of East Orange, NJ**</u>
             <u>**Civil Action No. 23-04888**</u>

Litigants:

      This matter comes before the Court upon *pro se* Plaintiff Amir Wiley's ("Plaintiff") latest filing of an Amended Complaint and an application to proceed *in forma pauperis* ("IFP Application"). (ECF 8, 9.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

    The Court received Plaintiff's Amended Complaint on February 20, 2024. (ECF 8.) The Amended Complaint lists Defendant as "Support Magistrate of East Orange, NJ, Heather Taylor (hearing officer)." (*Id*. at 1.) Plaintiff alleges violations of 18 U.S.C. § 242 and deprivations of constitutional rights under the "Fourth, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution." (*Id*. at 2.) Defendant ordered warrants for Plaintiff's failure to appear and garnished his wages. (*Id*.) Plaintiff alleges that the judgment lacked "adequate reasoning." (*Id*.)

### II.    LEGAL STANDARD

      Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *Deutsch*, 67 F.3d at 1084 (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), § 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

      Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required

1

by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, 2023 WL 5207833, at *1-2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a)(1) and *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Here, Plaintiff filed an updated and completed IFP Application. (ECF 9.) Plaintiff ameliorated the deficiencies previously noted by the Court. (ECF 6.) The Court therefore **GRANTS** Plaintiff's updated IFP Application.

#### B. Complaint Screening

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that a complaint's allegations are "simple, concise, and direct." FRCP 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

Plaintiff's Complaint aims to state a claim against a judicial officer, causing his suit will to be barred under the doctrine of judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 225 (1988) ("[J]udicial immunity also protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Azubuko*, 443 F.3d at 303 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Plaintiff's only allegations relate to Defendant's judicial functions. Plaintiff fails to allege

any facts showing Defendant acted in "clear absence" of all jurisdiction. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                      */s/ Jamel K. Semper*
                                                      **HON. JAMEL K. SEMPER**
                                                      **United States District Judge**

Orig:   Clerk
cc:      André M. Espinosa, U.S.M.J.
         Parties